IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No.11-51502 |
| 1555 WABASH LLC, | ) | Chapter 11 |
| an Illinois Limited Liability Company, | ) | Judge Jacqueline P. Cox |
| | ) | |
| Debtor. | ) | |

## NOTICE OF MOTION

TO:     ATTACHED SERVICE LIST:

        PLEASE TAKE NOTICE that on   the 31ˢᵗ day of January, 2013 at 9:30 a.m. or as soon
thereafter as counsel can be heard, I shall appear before the Honorable Jacqueline
P. Cox, Bankruptcy Judge, in the room usually occupied by her as courtroom 680 in the United
States Bankruptcy Court in the Everett McKinley Dirksen Federal Building, 219 South Dearborn
Street, Chicago, Illinois, or before any other Judge who may be sitting in her place and stead and
shall present the **MOTION FOR ALLOWANCE OF FINAL COMPENSATION AND
REIMBURSEMENT OF EXPENSES TO DEBTOR'S COUNSEL,** a copy of which is attached
hereto and herewith served upon you, and shall pray for the entry of an Order in
compliance therewith.

        AT WHICH TIME and place you may appear if you so see fit.

                                        /s/David K. Welch
                                        Crane, Heyman, Simon, Welch & Clar
                                        135 S. LaSalle St., Suite 3705
                                        Chicago, Illinois 60603
                                        (312) 641-6777

## CERTIFICATE OF SERVICE

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) |
| COUNTY OF COOK | ) |

        The undersigned, being first duly sworn on oath deposes and states that he caused a copy of
the foregoing Notice and attached Motion was caused to be served via First Class Mail properly
addressed and postage prepaid to all parties with an asterisk (*) on the 9ᵗʰ day of January 2013 and
a copy of the Notice regarding the fee hearing was served upon all parties on the attached service
list, on the 9ᵗʰ day of January, 2013.

                                        /s/David K. Welch

## SERVICE LIST

United States Trustee *
219 S. Dearborn St.
Suite 873
Chicago, IL 60604

Timothy McCaffrey, Esq. *
Pircher Nichols & Meeks
900 N. Michigan Ave., Suite 1050
Chicago, IL 60611

Edmond M. Burke, Esq. *
Chuhak & Tecson PC
30 S. Wacker Drive, Suite 2600
Chicago, IL 60606

Irving B. Speiser *
Pircher, Nichols & Meeks
1925 Century Park East
Los Angeles, CA 90067

Edward M. Burke *
Klafter and Burke
225 W. Washington, #1701
Chicago, IL 60606

Jaclyn J. Janssen *
Pircher, Nichols & Meeks
900 N. Michigan Ave., Suite 1050
Chicago, IL 60611

Paul M. Bauch *
Kenneth A. Michaels Jr.
Carolina Y. Sales
Bauch & Michaels, LLC
53 W. Jackson Blvd., #1115
Chicago, IL 60604

Bojan Guzina *
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603

1555 Wabash LLC*
c/o New West Realty
928 S. Bishop, 2nd Fl.
Chicago, IL 60606

1555 Wabash Condo Assn.
1555 S. Wabash
Chicago, IL 60605-2808

American Building Services c/o
Howard M. Turner
1793 Bloomingdale Rd.
Glendale Heights, IL 60139

AMT CADC Venture LLC
211 E. 7th St., Ste. 620
Austin, TX 78701

Anderson & Moore PC
111 W. Washington St., Ste. 1100
Chicago, IL 60602

Arturo Martinez c/o
Karen Engelhardt@Allison, Slutsky
230 W. Monroe St., Ste. 2600
Chicago, IL 60606

Brown Udell Pomerantz
& Delrahim, Ltd.
1332 N. Halsted St., Ste. 100
Chicago, IL 60642

Cement Mason's Local Union 502
739 25th Ave.
Bellwood, IL 60104

Cement Mason's Local Union 502 %
Donald Schwartz@Arnold & Kadjan
19 W. Jackson Blvd.
Chicago, IL 60604

Chicago Regional Council
of Carpenters - Main Headquarters
12 E. Erie St.
Chicago, IL 60611-2796

Chicagoland Laborers' Training &
Apprentice Fund
1200 Old Gary Ave.
Carol Stream, IL 60188

Chuhak & Tecson
30 S. Wacker Dr., Ste. 2600
Chicago, IL 60606-7413

City of Chicago, Dept. of Water
Suite LL10, Recorder's Box #385
333 S. State St.
Chicago, IL 60604

ComEd-Units
P.O. Box 6111
Carol Stream, IL 60197-6111

Cook County Treasurer
118 N. Clark
Suite 112
Chicago, IL 60602

Demi & Cooper Advertising
18 Villa Court
Elgin, IL 60120

Enrique Torres c/o
Karen Engelhardt@Allison, Slutsky
230 W. Monroe St., Ste. 2600
Chicago, IL 60606

Evans Construction Services
455 E. Illinois, Ste. 260
Chicago, IL 60611

Evans Construction Services c/o
Michael Desmond@Figliulo&Silverman
Ten South LaSalle St., Ste. 3600
Chicago, IL 60611

Forming Concepts
Maria Baum, President
185 Industrial Dr.
Gilberts, IL 60136

Forming Concepts c/o
Sophia Moraitis@ S.Moraitis&Assoc.
333 N. Michigan, Ste. 1828
Chicago, IL 60601

Gerdau Ameristeel
2500 N. Shore Dr.
Urbana, IL 61802-7220

Gerdau Ameristeel
3101 W. Lincolnway
Sterling, IL 61081-8918

Gerlando Barone c/o
Karen Engelhardt@Allison, Slutsky
230 W. Monroe St., Ste. 2600
Chicago, IL 60606

Guadalupe Terrazas c/o
Karen Engelhardt@Allison, Slutsky
230 W. Monroe St., Ste. 2600
Chicago, IL 60606

Gus Mauro
928 S. Bishop, 2nd Fl.
Chicago, IL 60607

Harrison, Held, Carroll Wall LLP
333 W. Wacker Dr., Ste. 1700
Chicago, IL 60606-1250

Ivan Amador c/o
Karen Engelhardt@Allison, Slutsky
230 W. Monroe St., Ste. 2600
Chicago, IL 60606

J & B Steel Contractors Inc.
9430 Sutten Place
Hinsdale, IL 60521

J & B Steel Contractors Inc.
1202 75th St., Ste. 293
Downers Grove, IL 60516

J&D Erectors, Inc.
603 D. Country Club Drive
Bensenville, IL 60106

J&D Erectors, Inc. %Jatthew Straub
Ogletree Deakins Nash Smoak&Stewart
Two First National Plaza, 25th Fl.
Chicago, IL 60603-1891

Klafter and Burke
225 W. Washington St., Ste. 1710
Chicago, IL 60606

Landmark Engineering Corp.
7808 W. 103rd St.
Palos Hills, IL 60465

Local 150
6200 Joliet Rd.
Countryside, IL 60525-3957

Mark Reed c/o
Karen Engelhardt@Allison, Slutsky
230 W. Monroe St., Ste. 2600
Chicago, IL 60606

Meyer Material Co.
580 S. Wolf Rd.
Des Plaines, IL 60016

Meyer Material Co.
1021 Frances Dr.
Streamwood, IL 60107

Meyer Material Co.
515 Spring Ave.
Naperville, IL 60540-4451

Meyer Material Co.
9703 S. IL Route 31
Algonquin, IL 60102-1645

Meyer Material Co.
30285 N. Skokie Hwy
Lake Bluff, IL 60044-1120

Meyer Material Company
7N394 S. McLean Blvd.
South Elgin, IL 60177-9765

Midwest Operating Engineers
Fringe Benefit Funds
6150 Joliet Rd., 2nd Fl.
Countryside, IL 60525

Millennium Concrete Constr., LLC
c/o Herbert Molitsky
455 E. Illinois, Ste. 260
Chicago, IL 60610

MW Housing Partners III, LP
% Reg.Agt., National Reg.Agts, Inc.
1301 Fifth Ave., Ste. 3100
Seattle, WA 98101

New West Realty Dvlp. Corp.
1300 S. Paulina
Chicago, IL 60608

Operating Engineers Local 150
Apprenticeship Fund
6150 Joliet Rd.
Countryside, IL 60525-3956

Oscar Rodriquez c/o
Karen Engelhardt@Allison, Slutsky
230 W. Monroe St., Ste. 2600
Chicago, IL 60606

Ozinga Chicago RMC, Inc. c/o
Yalden, Olsen & Willette
1318 E. State St.
Rockford, IL 61104-2228

Patent Construction Systems
One Mack Centre Drive
Paramus, NJ 07652

Patent construction Systems
3811 Gardner Ave.
Kansas City, MO 64120

Patent Construction Systems
204 Orange St.
Salt Lake City, UT 84104

Reynaldo Quintero  c/o
Karen Engelhardt@Allison, Slutsky
230 W. Monroe St., Ste. 2600
Chicago, IL 60606

RKD Construction Supplies &
Equipment, Inc.
11633 W. Grand Ave.
Melrose Park, IL 60164

RKD Construction, Inc.
1039 Carriage Park Dr.
Valrico, FL 33594

Robert C. Terraza c/o
Karen Engelhardt@Allison, Slutsky
230 W. Monroe St., Ste. 2600
Chicago, IL 60606

Roberto Terraza c/o
Karen Engelhardt@Allison, Slutsky
230 W. Monroe St., Ste. 2600
Chicago, IL 60606

Rogelio Nava c/o
Karen Engelhardt@Allison, Slutsky
230 W. Monroe St., Ste. 2600
Chicago, IL 60606

Scott A. Bella c/o
Karen Engelhardt@Allison, Slutsky
230 W. Monroe St., Ste. 2600
Chicago, IL 60606

Sergio Nunez c/o
Karen Engelhardt@Allison, Slutsky
230 W. Monroe St., Ste. 2600
Chicago, IL 60606

Shefsky & Froelich
111 E. Wacker Dr., Ste. 2800
Chicago, IL 60601

Sky Climber Access Solutions Chgo
c/o M.C. Davis, Atty. at Law
55 W. Monroe St., Ste. 3330
Chicago, IL 60603

Stevenson Crane Service
410 Stevenson Drive
Bolingbrook, IL 60440

Ted Mazola
928 S. Bishop, 2nd Fl.
Chicago, IL 60607

Thomas N. Madden c/o
Karen Engelhardt@Allison, Slutsky
230 W. Monroe St., Ste. 2600
Chicago, IL 60606

Tim Kremnitzer c/o
Karen Engelhardt@Allison, Slutsky
230 W. Monroe St., Ste. 2600
Chicago, IL 60606

USA Hoist Company
820 N. Wolcott Ave.
Chicago, IL 60622

Weyerhauser Realty Investors
1301 Fifth Ave., Ste. 3100
Seattle, WA 98101-2642

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No.11-51502 |
| 1555 WABASH LLC, | ) | Chapter 11 |
| an Illinois Limited Liability Company, | ) | Judge Jacqueline P. Cox |
| | ) | |
| Debtor. | ) | |

**NOTICE OF HEARING ON MOTION FOR ALLOWANCE OF FINAL
COMPENSATION AND REIMBURSEMENT OF EXPENSES TO DEBTOR'S
COUNSEL AND DEBTOR'S APPRAISER**

**TO ALL CREDITORS AND PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that on January 9, 2013, David K. Welch and the law firm of Crane, Heyman, Simon, Welch & Clar, counsel for the Debtor, filed a Motion for Allowance of Final Compensation and Reimbursement of Expenses (the "CHSWC Motion"), requesting the sum of $229,237.00 for legal services rendered to the Debtor for the period commencing December 22, 2011 through and including January 9, 2013, plus costs advanced for the same period in the sum of $3,643.61.

PLEASE TAKE FURTHER NOTICE that on January 9, 2013 Randal Dawson and CB Richard Ellis ("CBR") as Appraiser for the Debtor, filed a Motion for Allowance of Final Compensation (the "Dawson Motion"), requesting the sum of $25,000.00 for services rendered to the Debtor for the period commencing April 12, 2012 through and including September 20, 2012.

PLEASE TAKE FURTHER NOTICE that any person objecting to the CHSWC Motion or CBR Motion, is directed to file their objection(s) in writing with the Clerk of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois 60604, on or before the hour of 4:30 p.m., on the **28th day of January, 2013**, with a copy of said objection(s) to be simultaneously served upon David K. Welch, Crane, Heyman, Simon, Welch & Clar, 135 South LaSalle, Suite 3705, Chicago, Illinois 60603.

PLEASE TAKE FURTHER NOTICE that a hearing on the CHSWC Motion and CBR Motion, together with objections timely filed, if any, will be held before the Honorable Jacqueline P. Cox, Bankruptcy Judge, Courtroom No. 680, 219 South Dearborn Street, Chicago, Illinois, on the **31st day of January, 2013**, at the hour of **9:30 a.m.**, at which time and place you may appear if you so see fit.

DATED: January 9, 2013

**DEBTOR'S COUNSEL**:
David K. Welch, Esq. (Atty. No. 06183621)
Arthur G. Simon, Esq. (Atty. No. 03124481)
Jeffrey C. Dan, Esq. (Atty. No. 06242750)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
TEL: (312) 641-6777 - FAX: (312) 641-7114
W:\GRACE\1555 Wabash\fee.CHSWC.notice.No.1.wpd

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No.11-51502 |
| 1555 WABASH LLC, | ) | Chapter 11 |
| an Illinois Limited Liability Company, | ) | Judge Jacqueline P. Cox |
| | ) | |
| Debtor. | ) | |

## COVER SHEET FOR APPLICATION FOR
## PROFESSIONAL COMPENSATION

Name of Applicant: CRANE, HEYMAN, SIMON, WELCH & CLAR, Debtors' Counsel

Authorized to Provide
Professional Services to: Debtor

Date of Order
Authorizing Employment:   January 26, 2012   (Retroactive to December 27, 2011)

Period for Which Compensation
is Sought:  From: December 22 , 2011   through January 9, 2013

Amount of Fees Sought: $229,237.00

Amount of Expense
Reimbursement Sought:  $3,643.61

This is a(n):  Interim Application  __   Final Application  X
If this is not the first Application filed herein by this professional, disclose as to all prior fee
applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed |
|---|---|---|---|
| None | | | |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses
herein is: $70,000.00 as a pre-petition retainer to be applied to any final compensation allowed by this Court.

Date: January 9, 2013

Applicant:

David K. Welch and the firm

Crane, Heyman, Simon, Welch & Clar

By:   /s/David K. Welch
Debtors' Counsel

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No.11-51502 |
| 1555 WABASH LLC, | ) | Chapter 11 |
| an Illinois Limited Liability Company, | ) | Judge Jacqueline P. Cox |
| | ) | |
| Debtor. | ) | |

## MOTION FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES TO DEBTOR'S COUNSEL

David K. Welch and the law firm of Crane, Heyman, Simon, Welch & Clar ("CHSWC"),

Counsel to 1555 Wabash LLC, Debtor herein, make their Motion pursuant to Section 330 of the

Bankruptcy Code for Allowance of Final Compensation and Reimbursement of Expenses for

legal services rendered and expenses incurred during the period December 22, 2011, through

January 9, 2013; and in support thereof, state as follows:

### Introduction

1.    On December 27, 2011, the Debtor filed its voluntary petition for relief under

Chapter 11 of the Bankruptcy Code ("Petition Date").

2.    The Debtor operated its business and managed its financial affairs as Debtor-in-

Possession through confirmation of its First Amended Plan of Liquidation ("Plan"). No trustee,

examiner or committee of unsecured creditors was appointed to serve in this reorganization case.

3.    On January 26, 2012, this Court entered an Order authorizing the Debtor to retain

CHSWC as its Counsel in this Chapter 11 case retroactive to December 27, 2011, with

compensation subject to the further Order of this Court.

4.    By this Motion, CHSWC requests an allowance of final compensation and reimbursement of expenses in the amounts of $229,237.00 and $3,643.61, respectively, for legal services rendered to the Debtor during the period December 22, 2011, through January 9, 2013. Itemizations of the legal services rendered and expenses incurred during the relevant period are attached to this Motion as **Exhibits A and B**, respectively.

5.    CHSWC has not received any prior allowances of interim compensation and expenses in this Chapter 11 case.  The pre-petition retainer of $70,000.00 received by CHSWC will be  applied by CHSWC to any  allowance of final compensation and expenses awarded by this Court.

6.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334.  This matter is a "core" proceeding within the meaning of 28 U.S.C. Section 157(b)(2)(A) and (O).

7.    The statutory predicates for the relief requested in this Motion are Section 330 of the Bankruptcy Code and Rules 2002(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure.

**Relevant Factual Background**

8.    The Debtor is an Illinois limited liability company that is the owner and operator of a fourteen (14) story mixed use building located at 1555 South Wabash, Chicago, Illinois ("Property").

9.    The Property is comprised of 176 residential units plus 11,000 square feet

-2-

of commercial space located on the first floor of the Property. As of the Petition Date,

approximately 82% of the rentable residential apartment units were leased while the commercial

space is presently vacant.

     10.    The Property was originally developed by the Debtor as condominium

units to be sold at designated sale prices to qualified buyers. The construction of the Property

was generally completed as of the middle of 2009. At the start of construction of the Property,

the Debtor had 100 contracts for the sale of residential condominiums units at the Property.

However, for the reasons set forth in the following paragraphs of this Motion, only 36 of the 100

sale contracts closed. As of the Petition Date, the Debtor is leasing 115 of the remaining 140

residential apartment units to qualified tenants.

     11.    The Debtor's original mortgage lender was seized by regulators with all

loans (including the Debtor's loan) and related assets being acquired by and transferred to AMT

CADC Venture, LLC ("AMT"). The Debtor attempted to negotiate a re-setting of the required

sale prices for the condominium units so as to reflect realistic values for such condominium units

in light of the economic downturn in this country. Both the regulators and, then, AMT refused to

adjust these sale prices. As a result, the Debtor was unable to sell the condominium units (as the

sale prices are grossly in excess of that justified in the marketplace) and turned to renting the

unsold condominiums as apartment units.

     12.    The Debtor's operational and profitability problems were principally due to

the general economic problems facing this country over the last several years (particularly in real

estate). Despite these issues, the Debtor generates substantial rental income at the Property.

13.     In partial response to an action brought by the Debtor against its prior mortgage lender and other mechanics lien creditors in the Circuit Court of Cook County, Illinois ("State Court"), AMT filed a counterclaim in the State Court which, among other things, sought to foreclose on the Property ("Foreclosure").   On December 22, 2011, the State Court entered an Order in the Foreclosure appointing a receiver for the Property. This Chapter 11 case was filed before the receiver took possession of the Property.

14.     This Court entered a series of Cash Collateral Orders through confirmation of the Plan which enabled the Debtor to maintain regular, uninterrupted business operations throughout the course of this Chapter 11 case.

15.     Beginning in March 2012 and continuing each month thereafter, the Debtor made monthly payments to AMT in the amount of $59,583.33 each month pursuant to Section 362(d)(3) of the Bankruptcy Code.

16.     On June 20, 2012, AMT filed a Motion seeking the entry of an Order from this Court dismissing this Chapter 11 case or, alternatively, lifting the automatic stay with respect to the Property in favor of AMT ("Dismissal Motion").

17.     The Debtor opposed the relief sought by AMT in the Dismissal Motion. Both the Debtor and AMT conducted extensive discovery relating to the issues presented in the Dismissal Motion. The Dismissal Motion was set for trial before this Court beginning on September 19, 2012.

18.     As a result of a settlement between the Debtor and AMT ("AMT Settlement"), this Court continued the hearing on the Dismissal Motion at the joint request of the Debtor and AMT.

-4-

19.    As part of the proposed AMT Settlement, the Debtor filed the Plan and an

Amended Disclosure Statement that is premised upon the terms and conditions of the proposed

AMT Settlement.

20.    This Court confirmed the Plan on December 12, 2012. Pursuant to the Plan, the

Debtor transferred the Property to AMT on December 28, 2012.

**Final Compensation
and Expenses Requested**

21.    CHSWC is  a law firm whose practice is almost exclusively concentrated in

the fields of bankruptcy, reorganization and insolvency.  CHSWC is comprised of five (5)

members, one (1) associate and two (2) "of counsel" attorneys, some of whom have participated

in representing the Debtor in this bankruptcy case.

22.    The following is biographical information pertaining to those attorneys who

have been primarily involved in the representation of the Debtor.  Other attorneys at CHSWC

have also participated to a lesser extent in this Chapter 11 case.  Each such attorney has

significant experience and expertise in bankruptcy, reorganization and litigation matters.

23.    DAVID K. WELCH is a member of the law firm and has been practicing

law in the State of Illinois since 1982.  His practice has always been primarily concentrated in

the fields of bankruptcy, insolvency and debtor's and creditor's rights.  He has represented

debtors, trustees, creditors' committees, secured creditors, unsecured creditors and equity

holders. From October, 1979, through June, 1982, he served as Deputy Chapter 13 Trustee in

the Northern District of Illinois under Craig Phelps, Chapter 13 Trustee. He has authored

manuscripts for the Illinois Institute of Continuing Legal Education on matters involving

bankruptcy and insolvency. He has lectured at seminars relating to bankruptcy issues at the Chicago Bar Association. He has served as a member of the Bankruptcy Mediation Panel Sub-Committee of the Chicago Bar Association. Furthermore, in conjunction with his financial mediation and negotiation training, he has completed a course sponsored by the National Institute for Trial Advocacy in conjunction with Northwestern University. He is a member of the Federal Trial Bar and is admitted to practice before the United States Courts of Appeals for the Seventh and Third Circuits, and before the United States District Courts for the Northern and Central Districts of Illinois, the Northern District of Indiana and the Eastern District of Wisconsin. He is a member of several other bar associations and legal organizations. He was formerly a member of the Standing Committee of the Illinois State Bar Association on Liaison with the Attorney Registration and Disciplinary Commission. Mr. Welch is the former Chairman of the Chicago Bar Association Committee on Bankruptcy and Reorganization, is a former member of the Advisory Board of the American Bankruptcy Institute, and is the former Vice Chair of the Bankruptcy Court Liaison Committee.

24.     ARTHUR G. SIMON is a member of the law firm of Crane, Heyman, Simon, Welch & Clar, and has been practicing law since 1979 when he graduated from the Loyola University of Chicago, School of Law. Mr. Simon has been admitted to practice law in the state courts of Illinois, in the United States Court of Appeals for the Seventh Circuit, and in the United States District Courts for the Northern and Central Districts of Illinois, the Eastern District of Wisconsin and the Northern District of Indiana. He is a member of the Federal Trial Bar.

Beginning in 1981, he became engaged almost exclusively in the practice of bankruptcy and insolvency litigation and has represented virtually every type of party in such matters, including Chapter 7 and Chapter 11 debtors, secured creditors, landlords, trustees, and creditors' committees. His activities have included membership in the Chicago Bar Association Committee on Bankruptcy and Reorganization. He has served as the Editor of the Advance Sheets provided by said Committee. In that capacity, he reported the rulings and opinions of the Bankruptcy Judges in the Northern District of Illinois to the Bankruptcy Committee members of the Chicago Bar Association. He served for several years on the Commercial, Banking and Bankruptcy Section Council of the Illinois State Bar Association for whom he has published several articles, and also served on the General Assembly of that Association.

25. SCOTT R. CLAR is a member of the law firm of Crane, Heyman, Simon, Welch & Clar, and has been a practicing attorney in the State of Illinois since 1982. He has been primarily responsible for the representation of the Debtor in this case. From January, 1985, through September, 1986, he was employed as a staff attorney with the United States Trustee's Office in the Northern District of Illinois, where he administered over 200 Chapter 11 cases, as well as supervised Chapter 7 panel trustees. From September, 1986, through December, 1987, he was employed by the law firm of Adelman & Gettleman, Ltd., where he continued to practice in the areas of bankruptcy and insolvency related matters. In January 1988, he became associated with Dannen, Crane, Heyman & Simon, predecessor to CHSWC, and became a partner in 1994. His practice is concentrated in the field of bankruptcy, having represented Chapter 7 and Chapter 11 debtors, trustees, unsecured creditors' committees and various creditors. Mr. Clar has been a panel member and a moderator for several bar association-

-7-

sponsored bankruptcy seminars. He is a member of the Federal Trial Bar. He is a former

Chairman of the Chicago Bar Association Committee on Bankruptcy and Reorganization.

26.     JEFFREY C. DAN is a member of the law firm and has been practicing law in the

State of Illinois since 1997. He graduated from DePaul University School of Law. He has

practiced as a trial attorney in a number of areas of the law including personal injury, domestic

relations, criminal law and commercial litigation. Mr. Dan joined the firm in September of 2002

and has been actively involved in all aspects of bankruptcy litigation as well as State Court

litigation that arises in insolvency matters. Mr. Dan is admitted to practice in the United States

Court of Appeals for the Seventh Circuit and the Third Circuit, and the United States District

Courts for the Northern and Central Districts of Illinois, Northern District of Indiana, and the

Eastern District of Wisconsin, and is a member of the Federal Trial Bar.

27.     The hourly rates usually charged by CHSWC in matters of this nature are

as follows:

| Attorney | Hourly Rates |
| --- | --- |
| Eugene Crane (EC)[1] | $495.00 |
| Glenn R. Heyman (GRH) | $495.00 |
| Arthur G. Simon (AGS) | $480.00 |
| David K. Welch (DKW) | $480.00 |
| Scott R. Clar (SRC) | $480.00 |
| Jeffrey C. Dan (JCD) | $405.00 |
| John H. Redfield (JHR) | $380.00 |
| Thomas W. Goedert | $425.00 |

28.     The following is a chart that depicts the total hours that each attorney at

CHSWC expended in representing the Debtor during the relevant period:

---

[1] These are the abbreviations utilized in the Exhibits to this Motion.

| Attorney | Hours | Amount |
|---|---|---|
| Arthur G. Simon | 52.40 | $ 25,152.00 |
| David K. Welch | 399.40 | $191,712.00 |
| Jeffrey C. Dan | 29.80 | $ 12,069.00 |
| John H. Redfield | .80 | $ 304.00 |
| **Total** | **482.40** | **$229,237.00** |

29.    During the course of the representation of the Debtor during the relevant period, CHSWC incurred expenses of $3,643.61. These expenses are itemized on **Exhibit B** to this Motion.

**Legal Services Rendered to the Debtor**

30.    The representation of the Debtor is categorized in this Motion as follows:

A.    **General Administration**
The matters in this category include assisting the Debtor with the general administration of this bankruptcy case and the Debtor's business operations and financial affairs, filing routine motions and filing professionals' fee applications and retention motions. Also included in this category are legal services related to the preparation of bankruptcy schedules, continued utility service at the Property and assisting the Debtor with its monthly operating reports and responding to general creditor inquiries.

| Total **Time Expended** | | **37.20 hours** |
|---|---|---|
| Attorney | Hours | Amount |
| Arthur G. Simon | 1.40 | $ 672.00 |
| David K. Welch | 33.50 | $16,080.00 |
| Jeffrey C. Dan | 2.30 | $ 931.50 |
| **TOTAL** | **37.20** | **$17,683.50** |

Attached to this Motion as **Exhibit C** is an itemization of the legal services rendered in this category.

B)   **Chapter 11 Filing Issues and Related Matters**

The preparation and organization implemented by CHSWC
to accomplish the filing of this Chapter 11 case required more
than the typical effort associated with the commencement of a
reorganization proceeding.  CHSWC was able to complete the
filing of this Chapter 11 case swiftly and efficiently.

**Total Time Expended**                                   **9.60  hours**

| Attorney | Hours | Amount |
|----------|-------|--------|
| Arthur G. Simon | 2.40 | $1,152.00 |
| David K. Welch | 7.20 | $3,456.00 |
| **TOTAL** | **9.60** | **$4,608.00** |

Attached to this Motion as **Exhibit D** is an itemization of the legal services rendered in this
category.

C)   **AMT Issues**

AMT is the holder of the single largest claim in this
Chapter 11 case and has the senior mortgage lien
against the Property.  The Debtor has litigated with AMT
over many issues in this Chapter 11 case.  The litigation
relating to the Dismissal Motion ultimately culminated
in a global settlement that also formed the basis for the
confirmation of the Plan and the successful resolution
of the issues in this Chapter 11 **case**.

**Total Time Expended**                                   **23.50  hours**

| Attorney | Hours | Amount |
|----------|-------|--------|
| Arthur G. Simon | 6.30 | $3,024.00 |
| David K. Welch | 17.20 | $8,256.00 |
| **TOTAL** | **23.50** | **$11,280.00** |

Attached to this Motion as **Exhibit E** is an itemization of the legal services rendered in this
category.

D)    **Cash Collateral**

The continued use of cash collateral by the Debtor was, at times, opposed by AMT. The Debtor had to prepare for contested cash collateral hearings which, at the last moment, were resolved consensually with AMT. On one occasion this Court actually held a contested cash collateral hearing which resulted in the entry of a Cash Collateral Order over the objection of AMT. The uninterrupted use of cash collateral was critical to the success of this Chapter 11 case.

**Total Time Expended**                                    **97.40 hours**

| Attorney | Hours | Amount |
|---|---|---|
| Arthur G. Simon | 10.30 | $ 4,944.00 |
| David K. Welch | 76.10 | $36,528.00 |
| Jeffrey C. Dan | 11.00 | $ 4,455.00 |
| **TOTAL** | **97.40** | **$45,927.00** |

Attached to this Motion as **Exhibit F** is an itemization of the legal services rendered in this category.

E)    **Property Issues**

CHSWC assisted the Debtor with various issues relating to the Property which were typical in single asset real estate cases. These issues involved several landlord/tenant matters, real estate taxes, insurance, maintenance of the Property and capital improvements at the Property.

**Total Time Expended**                                    **20.70 hours**

| Attorney | Hours | Amount |
|---|---|---|
| Arthur G. Simon | 1.00 | $ 480.00 |
| David K. Welch | 19.70 | $9,456.00 |
| **TOTAL** | **20.70** | **$9,936.00** |

Attached to this Motion as **Exhibit G** is an itemization of the legal services rendered in this category.

-11-

F)   **Mechanics Lien Claims**

As of the Petition Date, several creditors were asserting
mechanics lien claims against the Debtor and the Property.
The validity and priority of these alleged secured claims
were critical issues in the consummation and implementation
of the Settlement with AMT.

**Total Time Expended**                                    **6.20 hours**

| Attorney | Hours | Amount |
|---|---|---|
| David K. Welch | 6.20 | $2,976.00 |
| **TOTAL** | **6.20** | **$2,976.00** |

Attached to this Motion as **Exhibit H** is an itemization of the legal services rendered in this
category.

G)   **Chapter 11 Exit Strategy**

The Debtor promptly filed its original Plan of
Reorganization and supporting Disclosure Statement.
Thereafter, in conjunction with the settlement with
AMT, the Debtor filed the Plan and Amended Disclosure
Statement which were supported by AMT.  This Court
approved the Amended Disclosure Statement and
confirmed the Plan over the objection of Evans Construction.
The Plan has been consummated and the Property has been
transferred to AMT.

**Total Time Expended**                                    **138.90 hours**

| Attorney | Hours | Amount |
|---|---|---|
| Arthur G. Simon | 8.90 | $ 4,272.00 |
| David K. Welch | 126.80 | $60,864.00 |
| Jeffrey C. Dan | 2.40 | $   972.00 |
| John H. Redfield | 0.80 | $   304.00 |
| **TOTAL** | **138.90** | **$66,412.00** |

Attached to this Motion as **Exhibit I** is an itemization of the legal services rendered in this
category.

-12-

H)    **The Dismissal Motion and the Settlement with AMT**

AMT filed the Dismissal Motion in an attempt to dismiss this Chapter 11 case or, alternatively, to obtain relief from the automatic stay. The Debtor defended against the Dismissal Motion. On the eve of trial, the Debtor and AMT settled all of the disputes between them. This settlement was the cornerstone for the confirmation of the Plan and the successful completion of this Chapter 11 case.

**Total Time Expended**                                  **148.90 hours**

| Attorney | Hours | Amount |
|---|---|---|
| Arthur G. Simon | 22.10 | $10,608.00 |
| David K. Welch | 112.70 | $54,096.00 |
| Jeffrey C. Dan | 14.10 | $ 5,710.50 |
| **TOTAL** | **148.90** | **$70,414.50** |

Attached to this Motion as **Exhibit J** is an itemization of the legal services rendered in this category.

**Conclusion**

31.    Other than as provided in Section 504(b) of the Bankruptcy Code, CHSWC has not shared, nor agreed to share, any compensation received as a result of this case with any person, firm or entity. AMT shall pay any final compensation allowed in favor of CHSWC (after credit of the $70,000.00 retainer) as required by the Plan.

32.    CHSWC asserts that the compensation requested in this Motion is reasonable compensation for the actual and necessary legal services rendered based upon the time, nature, extent and value of such professional services. CHSWC further asserts that the cost of legal services rendered for and on behalf of the Debtor is comparable to the cost of similar services in matters other than under the Bankruptcy Code.

33.     CHSWC asserts that the expenses for which reimbursement is sought in this Motion are reasonable and were actual and necessary expenditures required in the representation of the Debtor.

34.     CHSWC submits that the compensation and expenses requested are fair, reasonable and warranted under the circumstances.

WHEREFORE, DAVID K. WELCH and the law firm of CRANE, HEYMAN, SIMON, WELCH & CLAR, Debtor's Counsel, pray for the entry of an Order allowing final compensation and reimbursement of expenses in the amounts of $229,237.00 and $3,643.61, respectively; and granting such other relief as may be just and appropriate.

Respectfully Submitted,

DAVID K. WELCH, and the law firm of CRANE, HEYMAN, SIMON, WELCH & CLAR

By:   /s/David K. Welch

**DEBTOR'S COUNSEL**:
David K. Welch, Esq.(Atty. No. 06183621)
Arthur G. Simon, Esq. (Atty. No. 03124481)
Jeffrey C. Dan, Esq. (Atty. No. 06242750)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
TEL: (312) 641-6777 - FAX: (312) 641-7114
W:\GRACE\1555 Wabash\Pay CHSWC.No.1.mot.wpd